UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

OCT - 6 2010

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | | |
|---|---|---|
| Kareemah Bell, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. **10 1710** |
| | ) | |
| Metropolitan Police/Hope Shelter, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, who lists her mailing address as a Landover Hills, Maryland, residence, sues presumably the District of Columbia Metropolitan Police Department and D.C.-based Hope Shelter for an alleged assault by a homeless woman at the shelter. The complaint neither presents a federal question nor provides a basis for diversity jurisdiction because no amount in controversy is pleaded. A separate Order of dismissal accompanies this Memorandum Opinion.

Date:___9/30___, 2010          United States District Judge